## Austin Boren v. The State.

No. 4373.  Decided February 28, 1917.

### 1.—Gaming—Affidavit—Signature of Affiant—Information.

Where, upon trial of gaming, upon motion to quash the affidavit because it was not signed by the affiant, before the State announced ready for trial the county attorney met this objection by having the affiant sworn who testified that he did swear to the complaint and thought he had signed it, there was no error in permitting the affiant to then sign the complaint to comply with the

requirement of the statute that the signature be appended to the complaint, and it was not necessary to file a new information.

**2.—Same—Signature of Affiant—Statutes Construed.**
    Under article 34, C. C. P., it is necessary that affiant attach his signature.

Appeal from the County Court of Panola. Tried below before the Hon. R. W. Priest.
    Appeal from a conviction of gaming; penalty, a fine of ten dollars. The opinion states the case.

*P. P. Long,* for appellant.—On question of signature to affidavit: Upton v. State, 33 Texas Crim. Rep., 231; Malz v. State, 36 id., 447; Thornberry v. State, 3 Texas Crim. App., 36; Abbey v. State, 55 Texas Crim. Rep., 232, 115 S. W. Rep., 1191; Suddeth v. State, 100 S. W. Rep., 155; Johnson v. State, 49 id., 618; Paschall v. State, 9 Texas Crim. App., 295; Turner v. State, 3 id., 551; Diltz v. State, 56 Texas Crim. Rep., 127, 119 S. W. Rep., 92.
    On question of filing new information: Perez v. State, 10 Texas Crim. App., 327.
    On question that only defect of form can be amended in complaint: Huff v. State, 23 Texas Crim. App., 291, 4 S. W. Rep., 890; Brown v. State, 11 Texas Crim. App., 451; Sanders v. State, 26 Texas, 120; Hamilton v. State, 65 Texas Crim. Rep., 508, 145 S. W. Rep., 348; Wade v. State, 52 Texas Crim. Rep., 619, 108 S. W. Rep., 677; Broughton v. State, 71 Texas Crim. Rep., 617, 160 S. W. Rep., 702; State v. Sims, 43 Texas, 521.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Lewis v. State, 50 Texas Crim. Rep., 331; Patillo v. State, 3 Texas Crim. App., 442.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of gambling, his punishment being assessed at a fine of $10.
    There was a motion made to quash the affidavit because it was not signed by the affiant. This motion was made before the State announced ready for trial, as we understand from the bill of exceptions. The county attorney met this by having the affiant sworn, and under oath by him showed to the court that he, the affiant, did swear to the complaint, and thought he had signed it but overlooked it. This affidavit was taken by and sworn to before the county attorney Article 34 of the Code of Criminal Procedure provides that where the county or district attorney takes this affidavit, it must be reduced to writing, signed and sworn to by the affiant. The complaint is in all respects sufficient except for the failure to sign it. We are of opinion that, although not signed at the time it was sworn to, that it could be signed. We are of opinion that under the direction and authority of the court, with notice to the defendant, the complaint could be amended, or rather

that it could be signed by the affiant as stated in the bill. That the amendment could be made or the signature placed on the affidavit, under our decisions and practice, seems to be clear. Under article 479, Code of Criminal Procedure, there has been some discussion as to whether or not it was necessary for the signature to be placed to the complaint. The weight of the authorities seem to be that it is not, because that article does not expressly so provide. But where it is taken by the county attorney, article 34 requires that it be reduced to writing, sworn to and signed by the affiant, and then to be filed in the proper court, followed by an information presented by the county attorney. We hold it was necessary in this case that the signature be appended to the complaint, whatever construction may be placed on article 479, supra.

The only question presented of any serious moment, to the mind of the writer, is whether or not it was a new complaint which would require a new information. If the complaint had been quashed and a new one filed, it would of necessity have entailed upon the county attorney the duty of filing a subsequent information on the legal complaint. We are of opinion, however, that where the complaint is regular in all of its forms and properly sworn to, and the jurat is omitted, or the signature is omitted, and these matters are cured before the beginning of the trial, it would not be necessary to file a new information. It has been held that even after a trial is begun a jurat may be placed upon the complaint and trial proceed. Taking these questions as they stand, we are of opinion that under the facts of this particular case, and under the circumstances stated, there was no error in the ruling of the court, and that a new information was not requisite.

The judgment, therefore, will be affirmed.

*Affirmed.*