## TOM ADAMS v. THE STATE.

### No. 4372. Decided February 28, 1917.

**Gaming—Complaint—Signature of Affiant.**

Where, by inadvertence, the affiant to the complaint omitted to sign the same, although he had sworn thereto before the proper authority, there was no error for the court to permit the county attorney before announcing ready for trial to have the affiant sign the complaint, the same being on its face a sufficient complaint. Following Flournoy v. State, 51 Texas Crim. Rep., 29, and other cases.

Appeal from the County Court of Panola.  Tried below before the Hon. R. W Priest.

Appeal from a conviction of gaming; penalty, a fine of ten dollars.

The opinion states the case.

*P  P. Long,* for appellant.—Cited Vernon's Sayles' Civil Statutes, art. 12, p. 7, and art. 479, p. 236, and cases cited in Boren v. State, recently decided.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in Boren v. State, recently decided.

PRENDERGAST, JUDGE.—Appellant was convicted of unlawfully gaming, and fined $10.

The trial was before the court without a jury.  There is no statement of facts, and but one bill of exceptions.

This bill shows that appellant made a motion to quash the complaint and information, because the complaint upon which the information was based is deficient in this: that it is not signed by affiant, and as there is no valid complaint there is no valid information.  The bill further plainly shows that "the court refused to grant said motion but granted the motion of the county attorney asking an order nunc pro tunc, after first having sworn affiant, who stated to the court under oath, that he swore to the complaint on the date of same and thought he had signed same, giving him the right to have affiant sign said complaint.  That the court held that the county attorney before announcing in said cause could amend said complaint by having the affiant sign same, he having testified that he originally swore to it and required the defendant to proceed in the trial of said cause; to which decision and order the defendant then and there excepted."

The complaint in the record shows that it was properly signed by "J. O. Smiley, affiant."  We take it from the bill of exceptions that the affiant's name was signed thereto upon the motion of the county attorney to meet appellant's motion to quash, and we treat the question as if the name had not been signed at the time appellant made said motion.  The complaint, however, otherwise on its face shows this: "In the name and by the authority of the State of Texas, I, J. O. Smiley, do solemnly swear," etc., otherwise the affidavit or complaint charging the offense is fully in accordance with the statute.  In addition, following where the signature would doubtless have been and now is, is this: "Sworn to and subscribed before me, by J. O. Smiley, a creditable person, on this the 6th day of Nov. A. D. 1916.  (Signed)  J. R. Duran, County Attorney, Panola County, Texas."  The information is this:  "In the name and by the authority of the State of Texas: Now comes J. R. Duran, County Attorney of Panola County, Texas, upon affidavit of J. O. Smiley hereto attached and made a part hereof," etc., and then followed allegations fully in accordance with the law charging the offense, which is signed by the county attorney officially.

Our statute (art. 598, C. C. P.) provides, that "Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended." And (art. 599, C. C. P.) all amendments of an indictment or information shall be made with the leave of the court and under its direction.

Article 269, C. C. P., prescribes that the complaint shall be deemed sufficient without regard to form if it has these substantial requisites, and then states what they are; the last to the effect that it must be in writing and signed by the affiant, if he is able to write his name, otherwise he must place his mark at the foot of the complaint. These articles as to the amendment in matters of form of the indictment and information, and the requisites of a complaint, have been held all along by this court to apply to the amendment in form of a complaint. Thus, when the correct name of the defendant is not given in the complaint, its insertion in the information, though not in the complaint, was held proper practice. Wilson v. State, 6 Texas Crim. App., 154. Likewise to correct a mistake in the name of the affiant and conform it to the complaint, the jurat may be amended. Flournoy v. State, 51 Texas Crim. Rep., 29; Cubine v. State, 68 Texas Crim. Rep., 99; Neiman v. State, 29 Texas Crim. App., 360.

In Montgomery v. State, 60 Texas Crim. Rep., 303, a motion was made to quash the information because the complaint on which it was based was not authenticated, in that it did not appear to have been sworn to before any officer authorized to administer oaths, and that after the filing thereof and the information, it had been altered in a material respect in that there had been added thereto the words, "W. R. Ewing, Dist. Atty., 31st Jud. Dist. of Texas," in an attempt to make the complaint valid. In that case the court heard proof on the motion to quash, and it appeared therefrom that J. M. Blodgett, the complainant who made the complaint, had in fact been sworn to it, but the jurat was entirely omitted. After it and the information thereon had been filed, and after the appellant had been arrested and gave bond, the district attorney, without leave of the court, in vacation attached his jurat to said complaint for the first time. This court then quoted article 467, C. C. P., and stated that it had been uniformly held that unless the complaint is authenticated by the jurat of the officer before whom it is made it will be fatally defective. But Judge Ramsey, delivering the opinion of the court, specifically held: "That this affidavit could have been corrected under leave of and by direction of the court can not admit of doubt"; but held that because the district attorney had out of court and without the court's leave affixed his jurat, that the complaint and information were invalid.

In Sanders v. State, 52 Texas Crim. Rep., 156, it was shown that the jurat to the complaint was taken by the county attorney on January 31, 1906, alleging the offense to have been committed on June

23, 1906, several months after the jurat purported to have been attached to the complaint. This court, through Judge Davidson, held: "It was made to appear to the court that on the 2nd day of February, 1907, the complaint was filed alleging the offense to have been committed on the 23rd of June, 1906. That the party signing it, Norris, did in fact sign it on the 30th day of January, 1907, and that by mistake he, the county attorney, used the date 1906 instead of 1907; whereas, in truth and in fact it was subscribed and sworn to on the 31st day of January, 1907, and not the 31st day of January, 1906. On this showing the county judge permitted the jurat to be amended so as to show that the jurat was based on the complaint in January, 1907, instead of January, 1906. This ruling of the county judge was in consonance with the adjudicated cases in this State. See Flournoy v. State, 51 Texas Crim. Rep., 29; Allen v. State, 13 S. W. Rep., 998. These cases, as we understand them, are in point and decisive of the question adversely to appellant," and the court affirmed that case.

In Malz v. State, 36 Texas Crim. Rep., 447, the court, through Judge Henderson, said: "The only contention of appellant that requires to be noticed is the exception taken by him to the action of the court in allowing the county attorney to amend the complaint on which the information in this case was predicated. It appears the complaint originally read, in the beginning part, 'Personally appeared, before the undersigned authority, R. L. Winfrey,' and it was signed, and appears to have been sworn to by William Jackson. In response to the motion to quash, the county attorney filed an answer, showing that the complaint, as shown by the affidavit, was signed and sworn to by William Jackson, and asked leave to amend the complaint by erasing the name 'R. L. Winfrey,' and inserting 'William Jackson,' which was permitted by the court." To which action appellant therein excepted. The court held that, "the name, as stated in the body of the complaint, should have been rejected as surplusage, or the discrepancy cured by amendment; and it was competent, as was done, to erase the name of Winfrey and insert that of Jackson," and that there was no error in the action of the court.

In our opinion the action of the court in this instance was correct. The judgment is, therefore, affirmed.

*Affirmed.*