FRED RILEY v. THE STATE.

No. 7035. Decided June 14, 1922.

**1.—Aggravated Assault—Verbal Charge—Requested Charge.**

Where the defendant requested a written charge and submitted the same to the court who refused it, and thereupon gave a verbal charge to the jury in the County Court, upon the offense of aggravated assault, same was reversible error under Article 740, C. C. P. Following Wright v. State, 235 S. W. Rep., 886,. and other cases.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where the bill of exceptions is not approved by the court or certified in any such manner that it can be considered on appeal, there is no reversible error.

3.—Same—Evidence—Principals.

Where this court cannot determine whether the trial court submitted the case upon the theory of principals, it cannot conclude injury upon the admission of testimony complained of.

4.—Same—Evidence—Conclusion of Witness.

Where the testimony of the alleged two witnesses was formed from an inspection of the car after the occurrence of the assault, the same was inadmissible, same being but conclusions of the witness.

5.—Same—Insufficiency of the Evidence.

Where, upon appeal from a conviction of aggravated assault, this court has no means of knowing which count of the indictment was submitted, etc., the judgment must be reversed and the cause remanded.

Appeal from the County Court of Jefferson. Tried below before the Honorable D. P. Wheat.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

*Howth & O'Fiel,* for appellant.—On question of verbal charge: Rumage v. State, 55 S. W. Rep., 64.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE JUDGE.—Appellant was convicted in the County Court at law for Jefferson County of the offense of aggravated assault, and his punishment fixed at a fine of $50 and one month in the county jail.

There appears in the record a bill of exceptions to the action of the trial court in refusing to given a written charge to the jury herein, which bill of exceptions as originally presented was refused by the court, who thereupon appended certain statements in qualification of said bill and as thus qualified same was approved. Appellant's original bill of exceptions set up that at the conclusion of the evidence he requested the court to give a written charge, and handed to the court a charge prepared by him asking that same be given, which request was refused, the court stating that he would give a verbal charge, which he proceeded to do. That at the conclusion of said verbal charge appellant renewed his request that a written charge be given, and this was also refused by the court, to which action appellant excepted. The learned trial judge notes on this bill that he declines to approve same, and his qualification thereto states that he announced in open court at the conclusion of the evidence that he would give a verbal charge to the jury, and that counsel for appellant then handed to him a written charge which he had prepared; that after

reading this the court informed counsel that he would refuse such charge, and then proceeded to charge the jury verbally; that after such verbal charge had been given appellant's counsel orally asked that a charge in writing be given to the jury, but made no written request therefor; that upon the refusal of such oral request appellant took his bill of exceptions.

We confess inability to observe any great difference between the legal effect of the matter stated in the original bill and same as qualified by the court below. Article 740 of our Code of Criminal Procedure provides that no verbal charge shall be given in any case whatever, except in cases of misdemeanor, and then only by the consent of the parties. In Mr. Vernon's Annotated Code of Criminal Procedure, p. 500, it is stated that this article is mandatory, and many cases are cited supporting the proposition that it is such. It is reversible error to give a verbal charge in a misdemeanor case without the consent of the accused. Melton v. State, 12 Teaxs Crim. App. 488; Wilson v. State, 15 Texas Crim. App. 150; Anthony v. State, 90 Texas Crim. Rep., 351. Reading from law books and memoranda to the jury, is giving a verbal charge. Wright v. State, 90 Texas Crim. Rep., 435. There being no question of the fact that a verbal charge was given in the instant case, we are only called upon to decide whether appellant consented thereto. We do not think so. There appears no express consent in the record. We infer from every action and statement of the appellant appearing in the record that he not only withheld consent, but was opposed to the giving of such verbal charge. It is plain that a general written charge apparently covering all the issues in the case as appellant's counsel took them to be, was presented to the court and he was asked to give it to the jury. Whether this preceded or followed the announcement by said court of his intention to give a verbal charge, would be immaterial. It certainly evidenced the desire of appellant for a written charge. Nor do we find sufficient reason or excuse for refusing to give a written charge, in the statement of the trial court that the request therefor was made orally by appellant's counsel. We find nothing in the statute compelling appellant to make known his desire for such written charge, or his objection to a verbal charge, in writing. In our opinion the record before us supports the proposition that the verbal charge given by the trial court was without the consent of the appellant, and was, therefore, in violation of Art. 740, supra.

There appears in the record a lengthy statement of exceptions to the charge of the court as given, but same is in no way approved by the trial court, or certified in any such manner as that we can consider same.

By a bill of exceptions complaint is made of the testimony of Mrs. Moore that H. L. Rich, who is jointly indicted with appellant, had assaulted Mrs. Goodell and committed actual violence upon her, the

ground of said objection seeming to be that there was no evidence of previous arrangement or agreement between appellant and Rich, and that he would not be bound by the acts of Rich done without such arrangement or agreement. It appears that at such time Rich was on the step of the car occupied by the prosecuting witnesses and appellant was on a motorcycle running along by the side of said car. In the condition of the record and being unable to know if the trial court submitted the case upon the theory of principals, we are in no position to conclude injury from this testimony.

As stated in a bill exceptions, the evidence of two witnesses who were not in or near the car at the time of the alleged assault, and whose conclusions, as stated in their testimony, were formed from an inspection of the car after the occurrence had ended,—would not appear to be admissible. Said witnesses testified that if the bullets fired into the car had gone three to four inches higher they would have struck the occupants of the car, and that if they had struck ten inches forward they would have struck the legs of the occupants of the car. These statements could be but opinions and speculative. Argument would not be needed to make clear the fact that the truth of such affirmation would depend upon the position of the bodies and legs of the occupants of such car. The testimony of such witnesses should have been confined to statements as to the relative places in the car of the bullets, and of occupants seated and placed as persons ordinarily would be.

The uncalled for and voluntary statement of the witness Weaver as to the acts of appellant and his companion being cowardly, will not likely be before the court in the event of another trial, and hence will not be discussed.

We have no means of knowing which count of the indictment was submitted. While the shooting into the wheels or body of said car by appellant might be reprehensible, the jury should not be allowed to convict appellant of assault therefor, unless such shooting was with intent to injure some or all of the occupants of the car; for the intent to injure the person of some other is an essential requisite of an assault.

For the errors mentioned above, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*