TOM MANLEY v. THE STATE.

No. 7432. Decided June 6, 1923.

Rehearing granted October 17, 1923.

**Abusive Language—Assault—Information—Charge of Court.**

Where the information charged assault in one count and abusive language in the other, and there was evidence supporting both counts, but the conviction was on the count charging abusive language, and the verdict of the jury as first returned found defendant guilty of disturbing the peace, which the court amended, and it appeared from the record that the court had first given a verbal charge, and had also read certain sections of the law to which defendant excepted, and the court then wrote out his charge and went into the jury room and there read the same, and it also appeared that in his verbal charge the law of a disturbance of the peace was read to the jury, etc., the judgment must be reversed and remanded.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of using abusive language; penalty, a fine of $50.00.

The opinion states the case.

*E. E. Fisher* and *P. F. Hunter,* for appellant. Cited, Moore v. State, 203 S. W. Rep., 51, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is abusive language; punishment fixed at a fine of fifty dollars.

The appellant is charged in the complaint and information with two counts: one with an assault upon C. C. Warnoch; the other with abusive language to the said C. C. Warnoch. There was evidence supporting both counts. The conviction, however, was on the count charging abusive language.

A reversal is sought by reason of certain matters that took place prior to the giving of the written charge. Originally, no written charge was requested. The court verbally instructed the jury. No Complaint was made of this at the time. In connection with the verbal charge, the court read to the jury two articles of the statute, one relating to the use of a language calculated to disturb the public peace and the other relating to abusive language. He also copied those articles and gave them to the jury. After these verbal charges were given and during the argument of the case, some controversy arose between the attorneys for the appellant and the State touch-

ing the clauses of the statutes which had been read to the jury, and after the argument had closed, and the jury had retired to consider their verdict, the counsel for the appellant requested the court to instruct the jury in a, written charge. The court informed them that he would do so and prepared a written charge embracing the law of assault and abusive language. He withdrew the previous charge given, both that which was given verbally and the articles of the statute which were copied, and instructed the jury to rely upon the written charge last given as the instructions which would govern them and to disregard all others. The irregularities which characterize the trial seem to have grown out of the manner in which it was conducted with the acquiescence of counsel for both the State and appellant. The law did not require the court to give a written charge in the first instance. He did not only instruct the jury verbally, but in connection with the verbal charge, he read certain articles of the statute. One of these articles was not applicable to the case. The other did apply to the phase of the case upon which the conviction now rests. No complaint was made of this action of the court, and without objecting to it, the case was argued, when, for the first time, the demand for a written charge was made. The court gave it in terms which are not complained of, withdrawing his previous charge. We understand the law to permit the court to withdraw a charge, especially under the circumstances which the present record reveals. Lott v. State, 60 Texas Crim. Rep., 162, 131 S. W. Rep., 553; Cyc. of Law & Proc., Vol. 38, page 1787; Century Digest, Crim. Law., Sec. 2065.

The affirmance of the judgment is deemed the proper disposition of the case and it is so ordered.

*Affirmed.*

ON REHEARING.

October 17, 1923.

LATTIMORE, Judge.—Upon mature reflection we have concluded that those matters referred to in our former opinion as irregularities, —were of such gravity as that this conviction should not be allowed to stand.

Article 740, C. C. P., forbids the giving of a verbal charge except in a misdemeanor case and permits it then only by the consent of the parties. This was discussed in the recent cases of Riley v. State, 92 Texas Crim. Rep., 236, 243 S. W. Rep., 467 and Osborne v. State, 93 Texas Crim. Rep., 54, 245 S. W. Rep., 931. While the record in this case reflects no expressed objection on the part of appellant to the giving of the verbal charge by the trial court, this may have

arisen from a misunderstanding on the part of appellant's counsel, for during the argument a sharp controversy arose between the State and the defense over the question as to what the court had told the jury in the charge,—to support which the court copied certain sections of the law which he had read to the jury and gave them to the jury to take into their retirement. At this point appellant objected and asked that the charge be presented in writing. The court's qualification to appellant's bill of exceptions No. 1 sets out that at this point the court wrote out in writing a charge and that he went into the jury room and there read it to the jury or delivered it to them, and that neither counsel nor the appellant was in said room when this was done. This course of conduct would seem subject to the criticism of part of the opinion in the Osborne case, supra. Without controversy it is also made to appear that the court read to the jury in his verbal charge the law of a disturbance of the peace by cursing, swearing, etc., in a public place. This had no sort of application, there being no such charge laid in the information. It also appears that a copy of this part of the law was written out and given the jury by the court when the controversy between the attorneys arose. What of this written copy of the law of peace disturbance does not appear further than that the court in his qualification to appellant's bill of exceptions above mentioned says he instructed the jury to disregard all former charges. We find no such instruction in the written charge appearing in the record, unless it be by deduction from the statement that "The law of the case is herein given you and you will be governed thereby." It is further true that the verdict of the jury as first returned, found appellant guilty of disturbing the peace and that the court amended the verdict so as to make it apply to the second count in the information. Informal verdicts should be corrected by the trial courts or under their direction, but the fact of the character of verdict first returned is here mentioned as illustrating that the irregularities referred to may have operated to the hurt of the accused.

Being impressed from this record that we erred in our former conclusion, the motion of appellant is granted, the conviction set aside, and the judgment of the trial court now reversed and the cause remanded.

                                        *Reversed and remanded.*