MAMIE ROBERTS v. THE STATE.

No. 8205. Decided October 15, 1924.

No motion for rehearing filed.

Vagrancy—Charge of Court—Refusal of Written Instructions.

For the trial court to refuse written instructions in a misdemeanor case when requested, necessitates a reversal.

Appeal from District Court of Titus County. Tried below before Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for sale of intoxicating liquor; penalty, one year in the State penitentiary.

*J. F. Wilkinson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is vagrancy; punishment fixed at a fine of two hundred dollars.

The record shows, without controversy, that the trial court gave to the jury a verbal instruction touching the law of the case. It appears by special charges and by express exceptions to the court in giving the verbal charge that appellant insisted upon a written charge. In Article 740, C. C. P., it is said:

"No verbal charge shall be given in any case whatever, except in cases of misdemeanor, and then only by consent of the parties."

In the present case there was no consent. The law does not sanction a verbal charge save by consent. See Article 739, C. C. P. It has been uniformly held that these statutes must be followed. The failure to do so, when properly presented for review, must result in a reversal. Melton v. State, 12 Texas Crim. App., 488; Riley v. State, 243 S. W. Rep., 467; Wright v. State, 235 S. W. Rep., 886. Many other cases illustrate this view.

There are other questions in the case which are not deemed necessary to decide in view of another trial.

For the reason pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*