EVELYN DAVENPORT v. THE STATE.

No. 8199.  Decided October 31, 1924.

No motion for rehearing filed.

**Keeping a Bawdy House—Instructing Jury—Verbal Charge.**

The statute articles 739, 740 C. C. P. require that when the court gives instructions to the jury they must be in writing save in a misdemeanor case when by consent of the parties, a verbal charge may be given.  It is reversible error for the trial court to refuse to give written instructions to the jury when requested by defendant in writing to do so.  See Melton v. State, 12 Tex. Crim. App., 488; Riley v. State, 243 S. W. Rep., 467.

Appeal from the County Court of Jefferson County.  Tried below before the Hon. A. W. Dycus, Judge.

Appeal from a conviction for keeping a bawdy house, a misdemeanor; penalty, a fine of two hundred dollars.

*Howth & O'Fill, Rose & Johnson,* and *Lamar Hart,* for appellant.

*Tom Garrard,* State's Attorney and, *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for keeping a bawdy house, a misdemeanor; punishment fixed at a fine of two hundred dollars.

The court, over the objection of the appellant, gave verbal instructions to the jury concerning the law of the case.  Appellant prepared written instructions, which the court refused, and reserved bills of exception to the action of the court in verbally instructing the jury and in refusing to instruct them in writing.  The statute, Articles 739 and 740, C. C. P., require that when the court gives instructions to the jury, they must be in writing save in a misdemeanor cause when, by consent of the parties, a verbal charge may be given.  The refusal to observe this statutory provision, when properly presented for review, has uniformly been held to require a reversal of the judgment.  See

98 T. C.—13.

Melton v. State, 12 Texas Crim. App., 488; Riley v. State, 243 S. W. Rep., 467.

For the reason pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*