## J. C. Hale v. The State.

No. 14943.   Delivered March 23, 1932.

The opinion states the case.

*E. M. Herndon,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—Conviction is for false imprisonment; punishment, ninety days confinement in the county jail.

W. K. McNeir, a witness for the state, testified for the state that while he was riding on a truck driven by a man named Gates and while he was sitting on the back part of the truck which was parked on the intersection of Fredonia and Methvin Sts., in the city of Longview, that an automobile drove up and at the sound of their horn he motioned them to pass on around; that there were two men in the car and they drove up beside the truck and the appellant told him he couldn't park there, and the witness told him there was plenty of room to go around, and appellant replied, "You don't know who we are, do you?", and one of them showed him a badge and they then ordered the truck driven on across Fredonia St., and parked, which was done; that the two officers came on over, one

of them was the appellant, J. C. Hale, and a man named Ball; that the appellant asked him if he didn't know better than to park at an intersection of the street and block the traffic; that the witness told him he was not blocking the traffic, whereupon the appellant told him to come along to the city hall with him, which he did, and upon arriving at the city hall the city judge told him that his fine would be $3; that he refused to pay the fine and appellant grabbed him by the arm and took him to jail.

There was some evidence in the record, as introduced by the appellant, that the injured party was drunk or under the influence of intoxicating liquor at the time he was arrested. The defense was that the appellant was a peace officer, a policeman, and that the witness McNeir had been guilty of violating a traffic ordinance of the city of Longview, and he arrested him for that reason, and that after he had taken him into custody he found that the said McNeir was in a state of intoxication. There is no testimony in the record to show that appellant was authorized to make the arrest at the time he made it. If he was acting under some ordinance of the city of Longview, that ordinance, or the authority thereunder, was not proven as reflected by this statement of facts.

The city judge of the city of Longview testified that after he had heard what the appellant said about blocking the traffic that he informed the witness, McNeir, that his fine would be $3, but that he had entered no judgment; that McNeir then demanded a trial and became very offensive and that he ordered the appellant to place the said witness in jail for contempt of court.

Among other objections made to the court's charge by the appellant, one brought forward by bill of exception was to the effect that the written charge given by the court to the jury did not charge upon the burden of proof and did not charge that the defendant was given the benefit of reasonable doubt; that after said objection was reduced to writing and filed with the clerk, the court charged orally upon this point, to which action the appellant in open court excepted. Article 663 of the C. C. P. provides that a verbal charge shall be given only in a misdemeanor case, and then only by consent of the parties. This statutory provision is mandatory. No verbal charge should be given in a misdemeanor case except by consent of the parties. See Riley v. State, 92 Texas Crim. Rep., 237, 243 S. W., 467.

By bill of exception No. 4, appellant complains of the action of the trial court in refusing to grant him a new trial because of the misconduct of bystanders during the trial of the case. Attached to said motion for new trial were the affidavits of three persons who attended said trial, and the record shows that said affidavits were offered in evidence on the hearing of the motion for new trial, and were substantially to the following effect: That all three of said affiants were present at the trial of the appellant, J. C. Hale; that the trial was held on the courthouse lawn and it was

attended by between 200 and 300 people. J. H. Spence, in his affidavit, stated that he heard the following remarks made in the hearing of the jury: "They have been kangarooing people at the city hall; they have kangarooed the wrong man this time"; that he also heard the following statement made in the presence and hearing of the jury by some persons in the crowd: "I have seen Hale jerk a man out of a car for driving over a stop sign and he didn't ask the man where he lived, or anything, just took him to the city hall and I (the party making the statement) followed to the city hall to see the outcome of it. When the appellant got the man he had arrested to the door he took hold of his arm and jerked him and said, 'come in here', and the man's wife followed and explained to the judge that they were ignorant of the stop sign, didn't have any money to pay a fine with, and the judge released them". In his affidavit, the said Spence claims that all of said testimony was in close proximity to the jury and the talk was loud enough for the jury to hear all of said remarks. The affidavit of J. H. Spence further shows that there were two or three hundred people at the trial enclosed in a circle and there were eight or ten people deep around the court and the jury, and the crowd pressed in closr and closer until many of them were actually in touch with the jury; that he heard remarks by a number of persons who seemed to be very anxious to see the defendant, Hale, convicted. Some of said language was very strong and he distinctly remembered hearing the following remarks by a person in close proximity to the jury: "It is a hell of a note that these laws don't give a man a chance of a trial"; that he heard another man close to the jury say: "They just pick a man up and kangaroo him in the city hall"; that all of these remarks were made within six and seven feet of the jury and loud enough to have been heard by the jury.

P. C. Johnson, in his affidavit, stated that he was standing back of the jury on both days of the trial and he heard at least ten or fifteen conversations between persons who were close to the jury and which the jury could easily have heard; that all of these conversations were to the effect that they were anxious to see the defendant, Hale, convicted, and he distinctly remembered two persons talking right close to the jury and they seemed to be very anxious to see the defendant convicted, and one of these parties said, "They ought to hang the s—of a b—".

The record, as presented in this case, does not show that said affidavits were contested or that any evidence was offered in rebuttal thereof by the state. Appellant contends that the facts set out in said three affidavits, if true, were calculated to prejudice the jury against the appellant and cause them to convict the appellant regardless of his guilt or innocence. The remarks complained of were made while the court was in session trying the case and were made so that they could easily have been overheard by the jury. No effort is shown in the record to have been made to show that the jury did not hear said remarks, and in the absence of any show-

ing to the contrary, we are not to speculate as to what influence said remarks may have had upon the jury in arriving at their verdict. As the matter is presented to us by the bill of exception, we cannot say that the appellant has had that fair and impartial trial before a jury as guaranteed by the laws and constitution of this state.

In the special charge given at the request of the state, a number of matters given are not related to any issue in the case, and should not be given on another trial.

For the errors pointed out, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.