B. E. QUINN, JR. V. STATE

No. 28,503. November 7, 1956.
Appellant's Motion for Rehearing Overruled
January 9, 1957.

*Baldwin & Goodwin,* by *Joe B. Goodwin,* Beaumont, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving an automobile upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $50.

The arresting officer and two officers who received him and took him to jail described appellant's appearance and conduct and testified that in their opinion he was drunk, and the state proved and it was stipulated that he was driving an automobile upon a public highway in Beaumont when arrested.

Appellant admitted having two drinks of Vodka—"Vodka highballs"—shortly before his arrest, but testified that he was entirely sober.

The jury accepted the state's version and the sufficiency of the evidence to sustain their verdict is not questioned.

Two propositions upon which reversal is sought are presented, the first of which relates to Bill of Exception No. 1 wherein the trial judge has certified that he failed and refused to read to the jury the written charge he had prepared and submitted to counsel.

We agree with appellant's contention that since the repeal of Arts. 662 and 663, and the amendment of Art. 658 C.C.P., the rules of procedure in reference to the court's charge are the the same in misdemeanor cases tried in a court of record as in felony cases.

We are also in accord with appellant's view that the trial judge should read to the jury his charge as finally written, or if the circumstances require it, have someone read it to the jury for him.

The question of whether or not the failure or refusal of the judge to read the charge is in itself ground for reversal would appear to be settled by Art. 666 C.C.P. which provides, in part: "Whenever it appears by the record in any criminal action upon appeal that any requirement of the eight preceding articles has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calcu-

lated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial."

Articles 658 and 660 C.C.P. contain the only provisions which require that the charge be in writing and be read to the jury, and each of said articles is within "the eight preceding articles" which are governed by Art. 666 V.A.C.C.P.

In the absence of any showing in the record that the court's failure to read the charge was calculated to injure the rights of appellant or that appellant has not received a fair and impartial trial, the error does not call for reversal.

The second proposition was first raised by motion in arrest of judgment based upon the contention that the complaint, regular on its face, was not properly sworn to.

Upon a hearing upon this motion it was shown that the affiant appeared before an assistant district attorney and signed the complaint, at which time neither the name of the defendant nor the date of the offense had been filled in on the blank space provided therefor.

The assistant district attorney testified: "I took the complaint out and had the stenographer fill in the blanks and asked him to read it, and asked him if the facts stated therein were true, and affirmed his signature to it.

"Q. Did he do so? A. He did."

In Boren v. State, 80 Texas Cr. Rep. 635, 192 S.W. 1063, this court held that it was not error to permit a complaint not signed when sworn to be thereafter signed, and it was not necessary under such facts that a new information be filed.

Had a motion been filed to quash the complaint because it was not signed before being completed and sworn to, then under the case of Adams v. State, 80 Texas Cr. Rep. 632, 192 S.W. 1067, the trial court could have permitted the affiant to place his signature thereon.

If the claimed defect in the complaint was such as may have been corrected had it been called to the court's attention by

motion to quash, it is not such a defect as would call for reversal when attacked for the first time after verdict.

Under the record the trial court did not err in overruling the motion in arrest of judgment and for new trial.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant challenges the conclusion which we reached in our original disposition of his Bill of Exception No. 1. The bill recites that the judge prepared and submitted to counsel his written charge in the case. We find no objections to the charge in the record. The bill further recites that the court instructed the jury that "here was the charge of the court and that they could read the same when they retired for their deliberations" but that he "failed and refused" to read it to them. The bill does not recite that the appellant at any time requested that it be read.

Appellant relies upon two cases: In Howard v. State, 90 Texas Cr. Rep. 270, 47 S.W. 2d 834, no written charge was given, and in Hale v. State, 120 Texas Cr. Rep. 68, 47 S.W. 2d 834, the court charged the jury orally over the objection of the appellant. Neither case is here controlling.

Article 666 is a limitation upon this court's authority to reverse a conviction involving the disregard of the provisions of certain statutes. It merely says that a disregard of the statute *plus* injury must be shown in order to bring about a reversal of the conviction.

Clearly, the appellant could have shown injury by proving at the hearing on his motion for new trial, for example, that the jury did not in fact read the charge after they had retired.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.