Henry Lee BOOKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 49958.

Court of Criminal Appeals of Texas.

June 4, 1975.

Leon A. Smith, Rockwall, for appellant.

W. I. (Bill) Lofland, County Atty., Rockwall, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of the felony offense of escape. See V.T.C.A. Penal Code, Sec. 38.07.[1] Punishment was assessed at eight years.

---

1. As applicable here, this section reads:
"Sec. 38.07 Escape
"(a) A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody.
  * * * * *
"(c) An offense under this section is a felony of the third degree if the actor:
 "(1) is under arrest for, charged with, or convicted of a felony; or

 "(2) is confined in a penal institution."
V.T.C.A. Penal Code, Sec. 38.01, Definitions, defines the terms "custody" and "escape" as follows:
 "(2) 'Custody' means detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court.
 "(3) 'Escape' means unauthorized departure from custody."

The record reflects that on January 27, 1974, appellant was confined in the county jail of Rockwall County charged with the felony offense of burglary in four indictments. About 8:00 P.M. on that day, he and five other prisoners sawed through the bars of the jail cell in which they were confined and escaped. Appellant was re-arrested the following day. Deputy sheriff and jailer B. L. Cantrell was in charge of the jail at the time of the escape, and had custody of the prisoners therein, including appellant.

■ In his first ground of error, appellant contends that the evidence is insufficient to prove that at the time of the alleged escape he was charged with a felony, or was in custody.

The district clerk of Rockwall County testified that the grand jury of that county, on January 10, 1974, presented into the district court four indictments charging "Henry Lee Booker" with burglary and that these indictments were pending in the district court of the county on January 27, 1974, and on the date of the trial.

W. J. Price, sheriff of Rockwall County, identified appellant as the Henry Lee Booker named as defendant in the burglary indictments. He testified that on January 27, 1974, appellant was under arrest on said charges and was confined in the county jail in the custody of deputy sheriff B. L. Cantrell, the jailer. He testified to facts showing that appellant and five other prisoners escaped from the jail about 9:00 P.M. on January 27th and that appellant was re-arrested the next day.

B. L. Cantrell testified that he was a deputy sheriff of Rockwall County and was in charge of the county jail on January 27. Appellant was at that time under arrest in his custody in jail for four felony indictments of burglary. He served supper to the prisoners, including appellant, about 7:30 that afternoon. About 9:00 P.M., when he went to the cell to pick up the supper dishes, he learned that appellant and others had cut out of their cell into the "runaround" and escaped through unlocked doors.

The evidence is sufficient to show that on January 27th, at the time of his escape, appellant was under arrest in jail in the custody of deputy sheriff and jailer Cantrell charged by indictment with the felony offense of burglary.

■ In his second ground, appellant states that the court erred in overruling his motion to quash the indictment, since it does not state facts sufficient to allege an offense under V.T.C.A. Penal Code, Sec. 38.07, supra, and is vague and uncertain.

The indictment alleges that appellant, in Rockwall County, Texas, on or about January 27, 1974, "did then and there intentionally and knowingly escape from confinement in the Rockwall County jail where he was in the custody of B. L. Cantrell Deputy Sheriff of Rockwall County, Texas, when he, the said defendant, had been arrested and charged with the offense of Burglary, a felony . . . ."

Checking this indictment with the requirements of V.T.C.A. Penal Code, Sec. 38.07, supra, for a third degree felony, we find that it sets forth, in plain and intelligible language, all of the elements required to constitute the offense of escape with such certainty as to enable the accused to know what he was called upon to defend against, and to enable him to plead the judgment in bar of any subsequent prosecution for the same offense. Moore v. State, Tex.Cr.App., 473 S.W.2d 523.

■ The second ground of error is overruled.

In his third ground, appellant contends that the punishment of eight years is in excess of the punishment authorized by statute for the offense of escape, since the evidence does not show that appellant was under arrest for, charged with or convicted of a felony or confined in a penal institution.

Sec. 38.07(c) provides that escape is a felony of the third degree where the accused is under arrest for, charged with, or convicted of a felony, or is confined in a penal institution. See footnote 1, supra. The evidence reflected that appellant was under arrest in the custody of the jailer charged with burglary, a felony. He was also confined in the county jail, which is a penal institution. See V.T.C.A. Penal Code, Sec. 1.07(a)(26).[2]

V.T.C.A. Penal Code, Sec. 12.34 provides that the punishment for a conviction of a third degree felony shall be confinement for any term of not more than ten years or less than two years, and, in addition to imprisonment, a fine not to exceed $5,000 may be assessed. The punishment assessed by the jury is within the statutory range.

The third ground of error is overruled.

In his fourth ground, appellant states that the court erred in refusing to give his requested charge. In his fifth ground, he contends error in the court's charge in failing to "track" the allegations in the indictment.

Appellant's complaint under these two grounds is that since the indictment alleged that he escaped "from his confinement in the Rockwall County jail where he was in the custody of B. L. Cantrell, Deputy Sheriff of Rockwall County, Texas," the charge permitting his conviction without requiring a finding that he had escaped from "confinement in the Rockwall County jail" was prejudicial error. Appellant's timely filed objection and special requested charge adequately raised the contentions here made.

The court, after setting out the applicable provisions of Sec. 38.07 of the new penal code and defining the terms "custody," "escape," "penal institution," "intention,"

and "knowingly," instructed the jury as follows:

"Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, Henry Lee Booker, on or about the 27th day of January, 1974, in the County of Rockwall and State of Texas, as alleged in the indictment, did then and there after being arrested for an offense, to-wit, burglary, a felony, did intentionally or knowingly escape from custody of B. L. Cantrell, Deputy Sheriff of Rockwall County, you will find the defendant guilty of the offense of escape and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'NOT GUILTY.'"

■ The indictment having expressly alleged that appellant escaped "from his confinement in the Rockwall County jail where he was in the custody of B. L. Cantrell Deputy Sheriff of Rockwall County," the court was limited in its charge to the matters specifically alleged. Moore v. State, 140 Tex.Cr.R. 482, 145 S.W.2d 887; Gooden v. State, 140 Tex.Cr.R. 347, 145 S.W.2d 177; May v. State, 146 Tex.Cr.R. 115, 171 S.W.2d 488. See Turner v. State, Tex.Cr.App., 462 S.W.2d 9, remanded to the Court of Criminal Appeals on other grounds (death penalty); 403 U.S. 947, 91 S.Ct. 2289, 29 L.Ed.2d 858; aff'd after death penalty commuted, Tex.Cr.App., 485 S.W.2d 282. It is elemental that the charge must correspond to the allegations in the indictment supported by the evidence. The court erred in failing to submit the offense as alleged in the indictment. Turner v. State, supra; Graves v. State, 161 Tex.Cr. 16, 274 S.W.2d 555; Grooms v. State, 156 Tex.Cr.R. 504, 244 S.W.2d 229. See 31 Tex.Jur.2d, Instructions, Sec. 69, pp. 596, 597.

2. "'Penal institution' means a place designated by law for confinement of persons arrested for, charged with, or convicted of an offense."

However, under the facts and circumstances of the case, we find that such error is not reversible. See Turner v. State, supra.

The statutes which require the court to deliver a charge to the jury setting forth the law applicable to the case are Arts. 36.-14, 36.15, 36.16, 36.17, and 36.18, Vernon's Ann.C.C.P.

Art. 36.19, V.A.C.C.P., provides as follows:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.-16, 36.17, and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial . . . ."

Although the indictment alleged an escape from the Rockwall County jail, it also expressly alleged and gave appellant and his counsel ample notice of the accusation that at the time of the escape appellant was under arrest in the custody of deputy sheriff B. L. Cantrell. The statute on Escape, V.T.C.A. Penal Code, Sec. 38.07, supra, in (a) thereof, provides that a person arrested for, charged with, or convicted of an offense commits an offense if he *escapes from custody.* Subsection (c)(1) makes the escape a felony if the offense for which the accused is under arrest or charged with is a felony. The evidence shows without dispute or contradiction that at the time of the escape appellant was in the custody of deputy sheriff Cantrell, having been arrested and charged with the felony offense of burglary. While the court should have responded to appellant's objection in submitting the case to the jury, we perceive no error "calculated to injure the rights of [the]" appellant or which prevented him from having "a fair and impartial trial." Art. 36.19, V.A.C.C. P. See Miller v. State, Tex.Cr.App., 442 S.W.2d 340, 346; Turner v. State, supra; Quinn v. State, 164 Tex.Cr.R. 125, 297 S. W.2d 157.

In his sixth ground, appellant contends that the court erred in permitting Justice of the Peace Crawford to testify that after appellant was arrested following his escape he advised him of his rights in regard to giving any statement.

The record reflects that when appellant was arrested on January 28 he was immediately taken to the office of Judge Crawford, who advised him of the charge against him of escape, and explained certain legal rights involving the making of a statement. See Art. 15.17, V.A.C.C.P. At the trial, Crawford was permitted to testify concerning this warning over appellant's objection that "it has no pertinence to this and highly prejudicial" to him.

The State was showing the arresting officer's compliance with Art. 15.17, V.A.C. C.P., and, although the prosecution offered no evidence of any statement made by appellant, no error is shown. Even if error did occur, we fail to see how appellant was prejudiced thereby.

The sixth ground is overruled.

The judgment is affirmed.

Opinion approved by the Court.