Barbara Yvette **MITCHELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–81–0119–CR.

Court of Appeals of Texas, Tyler.

Feb. 24, 1983.

Ernest Henderson, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before SUMMERS, C.J., and McKAY and COLLEY, JJ.

COLLEY, Justice.

Appellant was convicted of the misdemeanor offense of prostitution and the jury assessed punishment at confinement in jail for 180 days and a fine of $750.00.

Appellant's sole ground of error is that the trial court erred in permitting the arguments of counsel to be made prior to charging the jury at the punishment phase.

The trial court failed to read the punishment charge to the jury until after the State's closing argument. No objection was made by appellant until after the jury was charged and retired. Then appellant moved for a mistrial as follows: "... Defendant ... ask [sic] that the court declare a mistrial in that the charge was not given to the jury ... until after the lawyers had addressed the jury. It will be fatally prejudicing [sic] the rights of the defendant in this case." The trial court overruled the motion.

Against this factual background we discuss appellant's contention that fundamental error is shown by this record.

Appellant makes no complaint as to the language or substance of the court's charge. Article 37.07, V.A.C.C.P., Section 3(b) [1] requires the trial court to give "... such additional instructions as may be necessary ...." at the punishment phase of a jury trial, and provides that the order of procedures and rules governing the conduct of the trial (punishment) shall be the same as those applicable to the trial of guilt-innocent issues. Thus the application of Article 36.14–36.19 to the punishment phase trial is clear. Article 36.19 (formerly Article 666) provides that no judgment of conviction shall be reversed on appeal because of the failure of the trial court to read the court's charge to the jury unless the record shows that such failure was calculated to injure the rights of the defendant or that such failure prevented the defendant from receiving a fair and impartial trial. Appellant's argument that fundamental error is shown in this case is untenable. *Williams v. State,* 547 S.W.2d 18 (Tex.Cr.App.1977), and *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975), cited by appellant are not in point. In both of these cases the reversal was ordered because of the trial court's failure to properly apply the law to the facts in a charge read to the jury. *Martinez v. State,* 576 S.W.2d 854 (Tex.Cr.App. 1979), also cited by appellant, held that no error was shown by the failure of the trial court to charge the jury concerning the weight to be given the testimony of a victim of a sexual attack under Article 38.07. Such decision is likewise not in point here.

Our disposition of this case is controlled by *Quinn v. State,* 164 Tex.Cr.R. 125, 297 S.W.2d 157 (Tex.Cr.App.1956), and *McKenzie v. State,* 450 S.W.2d 341 (Tex.Cr.App. 1969). The record does not show that the court's reading of the punishment charge to the jury after the argument of counsel in any way injured the appellant or otherwise operated to prevent her from receiving a fair and impartial trial. Appellant's ground of error is overruled.

---

1. All references are to Vernon's Annotated Code of Criminal Procedure.

The judgment of the trial court is affirmed.