In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00210-CR


______________________________




CORY JOE LOCKE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 354th Judicial District Court


Hunt County, Texas


Trial Court No. 23,149




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Cory Joe Locke, having been convicted by a jury of aggravated robbery with a deadly weapon
and sentenced by the trial court to twenty years' imprisonment, files this appeal. We affirm the
judgment.

 In addition to this conviction of aggravated robbery with a deadly weapon, Locke was also
convicted in the same trial of murder (for which he was assessed a penalty of fifty years'
imprisonment), aggravated kidnapping (for which he was sentenced to twenty years' imprisonment),
and burglary of a habitation (for which he was sentenced to ten years' imprisonment). The other
three convictions have been separately appealed simultaneously with this matter.

FACTUAL BACKGROUND

 All in one day's work, Locke, Dena Eve Waldon (Locke's girlfriend), and James Paul "Bo"
Russell, Jr., went to the home of Michael Patrick Bates during the daylight hours and burglarized the
residence. That evening, they took James Michael Nunnenkamp from his home at gunpoint and
drove him close to Bates's home, where they struck Nunnenkamp with a shotgun and took his wallet
before releasing him. Then the trio once again proceeded to Bates's home and entered it, slaying
Bates with the shotgun they carried. 

 The State elected to pursue all of the four cases arising from this series of events in one trial. 
After the evidence had been presented, the trial court prepared separate charges for each of the four
offenses to present to the jury. The reporter did not transcribe the reading of the charges or the
portions of the charges read to the jury; (1) as a result, it is difficult to determine precisely what was
read to the jury and which parts of some of the charges were omitted. It appears that the trial court
read the entire charge in the murder case. However, judging from the reporter's record and the
contents of the briefs of both Locke and the State, the trial court did not read the charges in the other
cases in full but, rather, omitted what had been identical wording in the first charge. In other words,
instead of reading the entire charge for each case, the court read the entire murder charge but omitted
the portions of the charges in the kidnapping, aggravated robbery, and burglary cases which were
worded identically with the charge in the murder case, pointing out to the jury the wording that was
identical in the murder case and referencing the paragraph numbers which differed from it. (2) Locke
raised no objection to the failure to read the entire charge in each of the cases. 

 After the jury had deliberated and returned to the courtroom, the trial court read aloud the
jury's verdict in each case. For instance, the trial court read, "Cause No. 23,058, we the Jury find
beyond a reasonable doubt the Defendant, Cory Joe Locke, is guilty of aggravated kidnap[p]ing as
charged in the indictment." The trial court performed similarly as to each of the other three charges,
reading precisely the jury's findings.

 Locke then requested that the jury be polled. The trial court responded, "All right. I will poll
the jury. I will go down the line and ask each one of you if you voted the guilty verdict as read by
the court. Starting on the front row. Ma'am?" There were then twelve separate affirmative
responses from jurors, but the names of the jurors who responded are not reflected in the record. The
trial court then stated, "All right. Let the record reflect that all twelve jurors have indicated verbally
that they did vote for the verdict as announced by the Court." Locke lodged no objection as to the
trial court having only read a part of the charges in the aggravated robbery, burglary, and kidnapping
cases.

 Locke now raises two points of error: (1) that the trial court failed to read the charge to the
jury and (2) that the trial court failed to properly poll the jury.

FAILURE TO READ THE CHARGE TO THE JURY

 Article 36.16 of the Texas Code of Criminal Procedure provides in part that, "[T]he judge
shall read his charge to the jury as finally written, together with any special charges given . . . ." Tex.
Code Crim. Proc. Ann. art. 36.16 (Vernon 2006). Plainly, this mandated procedure was not
followed; it was error not to have read the entire charge to the jury. 

 If the trial court fails to read its entire charge to the jury in accordance with Article 36.16,
Article 36.19 of the Texas Code of Criminal Procedure governs appellate review of such a situation. 
That latter statute provides,

Whenever it appears by the record in any criminal action upon appeal that any
requirement of Article 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the
judgment shall not be reversed unless the error appearing from the record was
calculated to injure the rights of defendant, or unless it appears from the record that
the defendant has not had a fair and impartial trial. All objections to the charge and
to the refusal of special charges shall be made at the time of trial.

Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006). Thus, unless the trial court's failure to
comply with the statutory reading requirement is deemed on appeal as an error "calculated to injure
the rights of appellant or that appellant has not received a fair and impartial trial, the error does not
call for reversal." Quinn v. State, 164 Tex. Crim. 125, 297 S.W.2d 157, 158 (1956).

 We have reviewed the record on appeal and can find no evidence in the appellate record that
the trial court's failure to read the entire charge was conduct that was calculated to injure Locke's
rights, nor has our review of the appellate record revealed any indication that the trial court's failure
to read the entire jury charge (including the omitted and repetitive sections of the parallel charges)
denied Locke a fair and impartial trial. Additionally, there is no indication in the record that the jury
was unable to examine the printed text of the trial court's jury charges, written charges which the jury
took with it into its deliberations and contained the very same instructions the trial court should have
read. Accordingly, the record before us does not prevent the necessary evidence of harm needed to
support Locke's appellate claim of error. We overrule this issue.

FAILURE TO POLL THE JURY PROPERLY

 The procedure followed by the trial court after Locke requested that the jury be polled is set
out above. Locke complains that the trial court did not follow the dictates of Article 37.05 of the
Texas Code of Criminal Procedure (3) in polling the jurors. Locke's complaint was that there was no
polling of the jury as to each of the four separate charges stemming from his day of serial mayhem
and that the proper procedure to have been followed was to poll the jury for each separate offense
with which Locke had been charged; otherwise, Locke contends, the jurors could have been confused
about which of the four charges inquiry was being made. 

 At the time the trial court took the elementary polling of the jury, Locke lodged no objection
to the procedure which was followed; had Locke objected at this point to the procedure of polling
the jury on all four cases simultaneously, the trial court could have immediately re-polled the jury
and, thus, cured any error that was generated by the trial court's procedure.

 Further, Locke did not file a motion for new trial, pointing out the error which he alleged had
been made in polling the jury; had he done so, the jurors could have been called in to testify as to
what their verdict was in each of the four charges. This is the only means by which we could
determine whether any confusion existed in the minds of the jurors as to which of the charges inquiry
was being made or if the jurors lacked unanimity as to any of the charges. Our rules require, as a
"prerequisite to presenting a complaint for appellate review," that the record show that "the
complaint was made to the trial court by a timely request, objection, or motion." Tex. R. App. P.
33.1(a)(1). Although the trial court did not follow the dictates of the statute in polling the jury and
it was error not to have done so, Locke failed to preserve his error and, thereby, waived it. Thomley
v. State, 987 S.W.2d 906, 908 (Tex. App.--Houston [1st Dist.] 1999, no pet.). This point of error
is overruled.

 We affirm the judgment.


 Bailey C. Moseley

 Justice


Date Submitted: June 22, 2007

Date Decided: July 3, 2007


Do Not Publish

1. The record has notations in parentheses such as "Court read charge in 23,057" and "[r]eading
from the charge."
2. In the portion of the record pertaining to this case, the record reads as follows:


 In 23,149. 

 (Reading charge in 23,149.)

 THE COURT: Paragraph three, four, and five are part of the previous
charges read. 

 Paragraph six. 

 (Reading charge.) 

 THE COURT: Paragraph seven is the same. Paragraph nine, ten, eleven and
twelve are the same. And on the verdict sheet, you have the options of guilty of
aggravated robbery with a deadly weapon, guilty of robbery, guilty of theft, or not
guilty.
3. Article 37.05 states: "The State or the defendant shall have the right to have the jury polled,
which is done by calling separately the name of each juror and asking him if the verdict is his. If all,
when asked, answer in the affirmative, the verdict shall be entered upon the minutes; but if any juror
answer in the negative, the jury shall retire again to consider its verdict." Tex. Code Crim. Proc.
Ann. art. 37.05 (Vernon 2006).